FRANK L. KLUCKHOHN AND JUNE E. KLUCKHOHN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34325. Promulgated August 22, 1952.

*Frank L. Kluckhohn, pro se.*
*S. Jarvin Levison, Esq.,* for the respondent.

OPINION.

Murdock, *Judge:* Section 116 (a) (2) exempts from taxation "earned income" received from sources without the United States by a citizen who has been a bona fide resident of a foreign country or countries for at least two years before changing his residence to the United States. It seems to be conceded that Frank qualified as a bona fide resident of foreign countries for the period required but it is questioned whether the $1,200 which he received was from sources without the United States and whether it was "earned income." Earned income is defined in section 116 (a) (3) as "wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered." The case of *E. Phillips Oppenheim,* 31 B. T. A. 563, is in point. Oppenheim, a writer, had granted a Boston publisher the exclusive rights in the United States and Canada to the books which he might write, for which rights the publisher was to pay him royalties. The question was whether the royalties constituted earned income for the purposes of the credit under section 31 of the Revenue Act of 1928. The Board of Tax Appeals held that the royalties were not earned income within the statutory definition of "wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered." It pointed out that wages of one employed to write would qualify, but that the royalties of Oppenheim did not. Frank did not write the Peron article as an employee of Reader's Digest or even at its request. It is held on authority of the *Oppenheim* case that the Commissioner did not err in including the $1,200 received by Frank from the Reader's Digest in his gross income for 1947.

The petitioners were at a disadvantage because certain of their financial records pertaining to 1947 had been lost prior to the hearing. Their evidence in regard to almost all of the deductions claimed is indefinite as to amounts and other details and it has been necessary to make approximations in accordance with the principle announced in *Cohan* v. *Commissioner,* 39 F. 2d 540.

They claimed a deduction of $450 for traveling expenses, incurred in connection with four lectures given by Frank in 1947, of which the Commissioner allowed one-half. A finding has been made that these expenses amounted to $300. They now claim only one-half of the $2,000 deducted on their return as expenses of June's trip to Australia. Frank was able to give the cost of the airplane fares but the record is not clear as to how much the 1947 portion of the trip cost. One purpose of the trip was to collect information for Frank's writing and she actually spent about one-half of her time in Australia collecting information which he later used. It does not appear that he profited from

his use of the material but that is not important. It seems fair in the light of the entire evidence to allow a deduction of $700 in this connection. The testimony in regard to charitable contributions is extremely vague except as to a contribution of $300 to a church. Smaller contributions to other charitable organizations were mentioned but without definite amounts. A deduction of $325 has been allowed. Frank was allowed a credit for his mother as a dependent. He paid medical expenses for her during 1947 but was unable to state how much. They were paid in connection with an operation which she had for a cataract and included hospital charges for two weeks and a private nurse for a part of that time. The evidence in regard to medical expenses incident to the birth of the petitioners' child in 1947 is more complete. It is fair to conclude that they spent at least the $1,000 claimed for medical expenses during 1947. The deduction resulting from this expenditure will be worked out by the parties in their computations to be filed under Rule 50. The petitioners have failed to show that they are entitled to a larger deduction for gasoline, theatre, and incidental taxes than the $75 allowed by the Commissioner.

*Decision will be entered under Rule 50.*